UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:07-CR-7-M-1

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

ANTHONY WILLIS SIMMONS                                                                    DEFENDANT

**MEMORANDUM AND ORDER**

Defendant Anthony Willis Simmons, *pro se*, has filed a motion for resentencing (DN 213). The United States has responded (DN 216). For the following reasons, Defendant's motion will be denied.

Defendant argues that he should be resentenced so that his federal sentence of 46 months runs concurrently with his state sentence of 16 years. He argues that under Rule 35 the Court is permitted to reduce a sentence and that, here, he is not actually requesting a reduction but only that his sentences run concurrently. He states that he made parole on his 16-year state sentence on or about June 3, 2011, and that he asked his case worker whether the federal authorities would give him credit for completing the state substance-abuse program. He states that as a result of that inquiry the Kentucky State Parole Board gave him an 18-month "set back" and told him to get the federal detainer "t[a]ken care of." He asserts that he should be entitled to credit from the date his parole was taken back on or about August 2011 and requests this Court to resentence him to run his 46-month federal term of imprisonment concurrently with his state sentence.

In response, the United States asserts that Defendant's motion should be denied because Rule 35, as well as Rule 36, do not apply as those rules only apply to errors resulting from

arithmetical, technical, or clerical error. The United States argues that the Court has no jurisdiction to change the sentence at this time.

The United States is correct that this Court is not authorized by either Rule 35 or 36 of the Federal Rules of Criminal Procedure to modify Defendant's sentence to run concurrent with a state sentence. *See United States v. Zabawa*, 134 F. App'x 60, 67-68 (6th Cir. 2005). Pursuant to § 3584(a) of Title 18 of the U.S. Code, at the time of imprisonment if the Court imposes a term of imprisonment on a Defendant who is already subject to an undischarged term of imprisonment, those terms of imprisonment may run either concurrently or consecutively. Multiple terms of imprisonment run consecutively unless the Court orders them to run concurrently. A Court may not modify a term of imprisonment once it has been imposed except in the narrow circumstances set forth in 18 U.S.C. § 3582. Modifying a sentence to make it concurrent is not one of the circumstances set forth in § 3582, so, even were the Court to interpret his motion as brought under that statute, the Court would not have jurisdiction to grant Defendant's motion. *See Zabawa*, 134 F. App'x at 67-68.

Accordingly, Defendant's motion (DN 213) is **DENIED**.

At the same time Defendant filed his motion for resentencing, he also filed a motion to proceed *in forma pauperis*. Because there is no fee for filing a motion in a criminal action, his motion to proceed *in forma pauperis* (DN 211) is **DENIED as moot**.

Date: August 24, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Defendant, *pro se*
United States Attorney
4414.009